Ji v. Barr

BIA
A087 728 717

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty.

PRESENT:

> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

YOUQIANG JI,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

17-4018
NAC

_____

FOR PETITIONER: Gary J. Yerman, New York, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Sabatino F. Leo, Senior Litigation Counsel; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner YouQiang Ji, a native and citizen of the People's Republic of China, seeks review of a November 29, 2017 decision of the BIA denying Ji's motion to reopen. *In re YouQiang Ji,* No. A087 728 717 (B.I.A. Nov. 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). The BIA may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought." *INS v. Abudu*, 485 U.S. 94, 104 (1988).

The BIA did not abuse its discretion in denying Ji's motion to reopen to apply for adjustment of status to lawful permanent resident based on his marriage to a U.S. citizen, since he did not submit "clear and convincing evidence indicating a strong likelihood that [his] marriage is bona fide." *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256

2

(B.I.A. 2002). Although Ji argues that his case should be remanded to the BIA for the agency to consider evidence that his wife's I-130 visa petition has now been approved, we may not consider, or remand for the BIA to consider, such extra-record evidence. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based . . . ."). The appropriate course is for Ji to submit any additional evidence as part of a motion to reopen before the BIA in the first instance. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262, 271 (2d Cir. 2007)

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3